# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BILLY RAY WARD,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. CIV-13-128-FHS-SPS |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
|        **Defendant.** | ) |

## REPORT AND RECOMMENDATION

The claimant Billy Ray Ward requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 29, 1978, and was thirty-three years old at the time of the administrative hearing (Tr. 35). He completed the ninth grade, and has worked as a truck driver and machine operator (Tr. 63-64, 153). He alleges that he has been unable to work since July 31, 2004, due to back and shoulder problems (Tr. 152).

## Procedural History

In November 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Trace Baldwin held an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 24, 2011 (Tr. 22-27). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (Tr. 24), and that the claimant was therefore not disabled (Tr. 26).

## Review

The claimant challenges the ALJ's step two findings, arguing that: (i) his morbid obesity and lumbar spine impairments constituted medically determinable impairments, and (ii) the evidence overcame his "de minimis" burden at step two. He argues that the ALJ's errors were therefore not harmless. Because the ALJ did fail to properly analyze the evidence with respect to the claimant's impairments, the Commissioner's decision should be reversed and the case remanded to the ALJ for further proceedings.

The medical evidence reflects that the claimant had an MRI in 1996 revealing an extruded disc on the L-4/L-5 level in the neural foramen with sciatica on the right, as well as S1 radiculopathy (Tr. 250). In 2009, the claimant presented to the Central Oklahoma Family Medical Center for treatment of high blood pressure. Upon examination, he was positive for hypertension, and complained of backache, joint pain, and poor sleep, and was noted to have an obese body habitus (Tr. 264-265). Records from 2009 to the present indicate that the claimant consistently weighed over 300 pounds (Tr. 263, 276), and the claimant was advised on March 8, 2010 that failing to lose weight would "lead to untoward health outcomes" (Tr. 279). On June 12, 2010, consultative examiner Dr. Ronald Schatzman assessed the claimant with morbid obesity (at 316 pounds), back pain by history, tobacco abuse by history, and shoulder pain by history (Tr. 286-288). In August 2010, the claimant presented to Valley View Regional Hospital with chronic low back pain and back pain with sciatica (Tr. 381). An MRI revealed an L-5/S-1 central posterior disc bulge/osteophyte formation impressing upon the thecal sac, and in

combination with ligamentous laxity/hypertrophy, resulted in mild focal spinal stenosis at the level of S-1/S-2 (Tr. 385-386).

At the administrative hearing, the claimant testified that he injured his shoulder in 2004, and that his back and shoulder problems have continued since that time (Tr. 41). In going over the claimant's allegations of impairments, the claimant confirmed pain in his back and shoulder, high blood pressure, and obesity (Tr. 37). He stated that although he had been doing less in terms of activity, his problems had been getting worse (Tr. 41). He indicated that the pain is fairly constant on his lower back, and occasionally travels down his right leg and into his toes to cause numbness (Tr. 42). He testified that he believed he could stand no more than thirty minutes at a time, and that he occasionally (a couple of times a year) will fall when he steps wrong (Tr. 44-45). As to his shoulder, he testified that he had surgery on it, but that did not "fix" it and he cannot lift it above shoulder height without pain (Tr. 46).

The claimant argues that the ALJ erred at step two of the sequential analysis by failing to find his obesity and lumbar spine impairments were medically determinable impairments that had more than a "de minimis" effect. A claimant has the burden of proof at step two to show that he has an impairment severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137, 146-147 (1987). This determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the burden at step two is a *de minimus* showing of impairment. *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), *citing Williams*, 844 F.2d at 751. A finding of non-severity may be made only when the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352.

In this regard, the ALJ found that the claimant had no medically determinable impairments at all. He noted the allegations of back and shoulder problems, hypertension, and obesity but found that the medical record did not support such claims. As to the back pain, he acknowledged the August 2010 MRI, but noted the claimant had a full range of motion and otherwise normal physical examination when Dr. Schatzman examined him in June 2010 (Tr. 25). Additionally, the ALJ noted that the claimant's hypertension was under control and the claimant himself testified that he did not see it as affecting him because it had evened out (Tr. 25, 50). As to his obesity, the ALJ noted that the claimant had been advised to lose weight and that doing so would alleviate pain (Tr. 26). The claimant was also treated a number of times for low back pain and an MRI demonstrated a disc bulge and spinal stenosis, and the claimant's weight was consistently over 300 pounds. Dr. Schatzman assessed him with morbid obesity, and the records indicate doctors were concerned that it posed a threat to his health. The Commissioner argues that the Plaintiff did not even list obesity as an impairment on his application, but

this arguments lacks merit in light of the medical evidence and the ALJ's acknowledgement of the existence of the diagnosis. *Fannin v. Astrue*, 2012 WL 1044620, at *3 (D. Colo. Mar. 28, 2012) ("The Commissioner argues, however, that Plaintiff did not list back pain as an impairment in connection with the application. This argument is without merit, however, since the ALJ acknowledged the existence of diagnosed back problems.").

The ALJ was not required to find the claimant's obesity was a severe impairment based on his weight, but the effects of obesity must be considered throughout the sequential evaluation process. *See* Soc. Sec. Rul. 02-1p, 2000 WL 628049 at *1 (Sept. 12, 2002). The Listing of Impairments as to the Musculoskeletal System references obesity and explains that "[t]he combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately." The ALJ "must consider any additional and cumulative effects of obesity" when assessing an individual's RFC. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, 1.00 Musculoskeletal System, Q. However, "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *6. The Court will therefore not make "assumptions about the severity or functional effects of obesity combined with other impairments," and "will evaluate each case based on the information in the case record." *Id.* Here, although the ALJ addressed each of the alleged impairments in turn, he failed to consider whether a combination of these would be of sufficient severity to

survive step two.  *See* 20 C.F.R. § 404.1523 ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.").  *See also Langley v. Barnhart*, 373 F.3d 1116, 1123-1124 (10th Cir. 2004) ("At step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."), *quoting* 20 C.F.R. § 404.1523.  This was error because the record reflects the claimant had back and joint pain, hypertension, and obesity.  *See Langley*, 373 F.3d at 1124 ("The ALJ was required to assess the combined impact of these impairments to determine the effect, if any, they had on the plaintiff's ability to do work-related activities.  His failure to do so requires reversal of the decision.")

Because the ALJ erred in his analysis at step two, the decision of the Commissioner should be reversed and the case remanded for further analysis.  Upon remand, the ALJ should evaluate the claimant's impairments, singly and in combination, in accordance with §§ 404.1520a(c)(3), 416.920a(c)(3).

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.  The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand

the case for further proceedings.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

   **DATED** this 10th day of September, 2014.

   _____
   **STEVEN P. SHREDER**
   **UNITED STATES MAGISTRATE JUDGE**